[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11439

Non-Argument Calendar

_____

MS. JOHNNIE MARENE THOMAS,

Plaintiff-Appellant,

_versus_

WILLIAM R. ASHE,
In an individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:23-cv-00023-LGW-BWC

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Johnnie Marene Thomas, proceeding pro se, appeals the district court's dismissal with prejudice of her complaint against William Ashe, which alleged that Ashe violated her due process rights because he, rather than the attorney general, represented county agents in prior lawsuits that Thomas filed against the agents in their individual capacities.

The pertinent facts are as follows. Thomas's mother died recently, and probate Judge Robert Sweatt, Jr. presided over the estate proceedings. Judge Sweatt appointed attorney John Myers to serve as the estate's administrator. Thomas objected, arguing that the Georgia probate code required that the lawful heir to the estate authorize the administrator's appointment. Thomas claimed to be the lawful heir to the estate; since Judge Sweatt never asked Thomas's authorization in appointing Myers—and she hadn't given it—she filed lawsuits against both Sweatt and Myers in their individual capacities.

Ashe represented both Sweatt and Myers in these actions. Thomas objected on the ground that Ashe's representation violated her due process rights under both the Georgia Constitution and the United States Constitution. She contended that because Sweatt and Myers were "state actors" they could be represented only by the Attorney General. Ashe moved to dismiss that

complaint, and the district court granted his motion with prejudice. Thomas appeals that dismissal.

We review a district court's ruling on a Rule 12(b)(6) motion de novo. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). We review a complaint dismissed under Rule 12(b)(6) in the light most favorable to the plaintiff, and all the plaintiff's well-pleaded facts are accepted as true. *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021). "To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (quotation marks omitted).

The plausibility standard, however, requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). In considering a complaint under this standard, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011).

We liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

To this end, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  An appellant abandons a claim where she makes only a passing reference to it or raises it in a perfunctory manner without authority or argument in support. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, even liberally construing Thomas's brief, she does not sufficiently challenge the district court's reasons for dismissing her complaint. *Erickson*, 551 U.S. at 94.  Thomas narrowly asserts that the court's dismissal of her complaint was improper because she was not required to provide a detailed factual basis for her claims. But she fails to address the district court's determination that "there is no Georgia law requiring a public official, when sued in his individual capacity, to be . . . represented" by a state or county attorney.  Thus, the district court's order is due to be affirmed, as Thomas failed to (1) plainly dispute the court's reasoning that her claims lacked a legal basis or (2) cite any authority to support her argument that Ashe's representation of Sweatt or Myers was improper. *Sapuppo*, 739 F.3d at 681.

The district court appropriately determined that Thomas failed to state a claim upon which relief could be granted because Thomas does not cite, and research does not reveal, any law that prohibits county agents from retaining private counsel when they are sued in an individual capacity.  Because Thomas failed to demonstrate a basis for relief, she failed to state a valid claim, and

23-11439                 Opinion of the Court                          5

the district court's dismissal of her complaint must be affirmed. *Ashcroft*, 556 U.S. at 678; *Stillwell*, 663 F.3d at 1333.

**AFFIRMED.**